# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.H., J.H., & J.H.**

**No. 13-0702** (Mercer County 11-JA-58, 11-JA-59 & 13-JA-006)

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Natalie N. Hager, appeals the Circuit Court of Mercer County's order entered on March 14, 2013, terminating her parental rights to her children, J.H.-1, J.H.-2, and J.H.-3. The West Virginia Department of Health and Human Resources ("DHHR"), by Angela Alexander Walters, its attorney, filed its response. The guardian ad litem, Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that she should have been granted an improvement period for her youngest child, J.H.-3.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR first filed the underlying abuse and neglect petition in April of 2011 against the fathers and guardians of the children, but not against Petitioner Mother. In July of 2011, the DHHR amended the petition to add petitioner, alleging she neglected J.H.-1 and J.H.-2 due to substance abuse and failure to provide appropriate medical care and discipline. In July of 2011, J.H.-1 and J.H.-2 were removed from petitioner's home. Petitioner stipulated to the neglect of J.H.-1 and J.H.-2 due to substance abuse in September of 2011 and was granted a post-adjudicatory improvement period. On July 15, 2012, J.H.-3 was born, but was not removed from petitioner's home. In January of 2013, petitioner tested positive for suboxone in violation of the terms of her improvement period and J.H.-3 was added to an amended petition soon thereafter. In April of 2013, J.H.-3 was found to be a neglected child and removed from petitioner's home. By order entered July 15, 2013, the circuit court terminated petitioner's parental rights to the three children without granting an additional improvement period. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

1

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner concedes that she "exhausted the time limits of her improvement period in regards to [J.H.-1 and J.H.-2]," but argues that she should have been granted an improvement period for J.H.-3. Specifically, petitioner argues that she raised J.H.-3 and had negative drug tests for nine months of J.H.-3's life. Petitioner admits she is addicted to drugs, but expresses a desire to join a treatment program to address the issue.

Petitioner's argument that she was entitled to an improvement period lacks merit. Pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. Further, this Court instructed circuit courts to not unnecessarily extend abuse and neglect proceedings when it held that

". . . courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner's posture that she was entitled to an improvement period with regard to J.H.-3, but not the other children, is illogical. The circuit court terminated petitioner's parental rights after finding there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and that it was necessary for the welfare of the children to terminate parental, custodial, and guardianship rights to these children. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate parental rights to all children upon such findings. The record reflects that petitioner received several improvement periods, but was unable to address the circumstances that gave rise to the conditions of neglect for each of the children, namely her drug abuse problem. We hold that under the facts of this case, the circuit court had ample support for the above findings. For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the children.

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II